UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN BRASSWELL,

   Plaintiff,

v.

T. HOLZSCHU,

   Defendant.

Case No. 24-cv-12171
Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO APPOINT COUNSEL (ECF NO. 23)

Plaintiff Darrin Brasswell requests appointment of counsel. ECF No. 23. Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts seldom appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id*. at 606. Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a

lawyer's expense." *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007).  Thus, there must be a showing of "exceptional circumstances." *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success.  *Id.*  Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Brasswell argues that he needs counsel generally to "sharpen" the issues in the case and facilitate the examination of witnesses.  These are not exceptional circumstances.  Brasswell has shown that he is competent to proceed pro se, as his complaint and motion are easily understood.  Nor is this case complex; Brasswell asserts First Amendment and due process claims arising from the confiscation of his legal papers and issuance of a false misconduct ticket.  And Brasswell only speculates that he may have difficulties with obtaining discovery.  Any discovery dispute can be resolved

through motion practice. For these reasons, Brasswell's request to appoint counsel is **DENIED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 8, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 8, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
