UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DARRIN BRASSWELL,**<br>Plaintiff,<br>v.<br>**ANDREW HOLZSCHU,**<br>Defendant. | **2:24-CV-12171-TGB-EAS**<br>HON. TERRENCE G. BERG<br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 40),**<br>**ADOPTING REPORT AND RECOMMENDATION (ECF NO. 34),**<br>**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 28),**<br>**AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF NO. 39)** |

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's June 24, 2026 Report and Recommendation (ECF No. 34) that Defendant Holzschu's motion for summary judgment (ECF No. 28) be granted.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). This Court extended the objection deadline until August 5, 2026. ECF No. 37. Plaintiff allegedly mailed his objections on August 4, 2026, ECF No. 40,

PageID.269, which the Court received on August 10, 2026, *id*. at PageID.270. Concurrently with his objections, Plaintiff filed a motion for leave to file an amended complaint. ECF No. 39. Defendant responded to Plaintiff's objections and opposed the motion for leave to amend. ECF Nos. 43 & 44.

For the following reasons, Plaintiff's objections will be **OVERRULED**, Judge Stafford's Report and Recommendation dated June 24, 2026 will be **ACCEPTED** and **ADOPTED**, Defendant's Motion for Summary Judgment will be **GRANTED**, and Plaintiff's Motion for Leave to Amend will be **DENIED**.

## I. BACKGROUND

Plaintiff Darrin Brasswell, a prisoner of the Michigan Department of Corrections (MDOC), sues under 42 U.S.C. § 1983, alleging that Defendant Andrew Holzschu, a corrections officer at the G. Robert Cotton Correctional Facility, confiscated his legal property and issued a false misconduct ticket. ECF No. 1. Brasswell brings claims of interference with the right to access the courts and retaliation in violation of the First Amendment and violation of his due process rights in violation of the Fifth and Fourteenth Amendments. *Id*.

Relevant to this Order, Judge Stafford described the facts as follows:

> In January 2022, Brasswell was transferred on a writ from the G. Robert Cotton Correctional Facility (JCF) to the Wayne

County Jail (WCJ) for an evidentiary hearing. When Brasswell left JCF, he took a mass of legal paperwork. On April 4, 2022, Brasswell returned to JCF with his legal property in a doubled-up plastic bag also containing personal items like toothpaste and deodorant. When he arrived at JCF, he went to the visitor's waiting room, located just outside the control center, for processing. Brasswell sat on a bench with his legal property next to him. Brasswell and another prisoner state that Holzschu was in the control center at the time.

Brasswell was called to the control center window to review a misconduct ticket written on him while he was at the WCJ. Because the window was nearby, Brasswell left his legal property on the bench while he spoke with the sergeant. Brasswell was then taken to a room and strip searched, after which he was told to "go sit up front." Brasswell told an officer that he needed to collect his legal property from the waiting room, but the officer said it would be brought to him. Two other officers came to put Brasswell in segregation in accordance with MDOC COVID-19 protocols.

The next day, Brasswell was released from segregation and was given his property that he had left at JCF while at the WCJ, including a footlocker, television, and clothes. Brasswell asked Officer Tasker about the legal property that he had brought with him from the WCJ, but Tasker could not find it and said he would continue searching.

On April 18, Holzschu found a small bag with Brasswell's name on it under a counter in the property room. The bag contained food, food wrappers, and trash but did not contain legal paperwork. The bag also contained a Doritos bag that appeared to have been opened and re-glued shut. When Holzschu opened the Doritos bag, he discovered a lighter, which is contraband under MDOC policy. Holzschu wrote Brasswell a misconduct ticket for possession of dangerous contraband and for smuggling contraband into JCF from the WCJ. . . . On May 4, 2022, . . . Brasswell's legal property was located and returned to him by Sergeant Davidson.

ECF No. 34, PageID.247-49 (citations to the record omitted). Also relevant to this Order, Judge Stafford found that "Brasswell fails to show Holzschu's personal involvement," which is why Judge Stafford recommended that all his constitutional claims against Brasswell be dismissed. *Id.* at PageID.251.

## II. LEGAL STANDARD

The district court will make a "de novo determination of those portions of the report . . . to which objection is made," 28 U.S.C. § 636(b)(1), though it "need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 452 (N.D. Ohio Sep. 26, 2012) (quoting *Thomas v. Arn*, 474 U.S. at 150). General objections to a Magistrate Judge's determination "without explaining the source of the error" have "the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Similarly, "objections that merely restate arguments previously raised and considered [by the Magistrate Judge] do not require the Court to consider them." *Young v. Jindal*, No. 21-12170, 2023 WL 8190689, at *1 (E.D. Mich. Nov. 27, 2023)(Drain, J.); *see also Vasconez v. Langston Co.*, 2021 WL 3124959, at *1 (W.D. Tenn. July 23, 2021) ("[W]here a party's objections are simply a repetition of the arguments he or she made to the magistrate judge, a de novo review is not warranted.").

## III. DISCUSSION

**A. Plaintiff's Objection No. 1**

In the Background Section of her Report and Recommendation, Judge Stafford explained:

> Brasswell asserted due process claims under the Fifth and Fourteenth Amendments, but he abandoned them by not responding to Holzschu's arguments about those claims. *See generally* ECF No. 29.

ECF No. 34, PageID.249.

Plaintiff states he objects to Judge Stafford's "analysis that [he] abandoned his Due Process claims under the Fifth and Fourteenth Amendment" because he "has responded to every Argument that Defendant Holzschu's Attorney had advanced," and that he believes he never received ECF No. 29 due to possible interference by the Defendant's co-workers or supervisors. ECF No. 40, PageID.267.

But ECF No. 29 is Plaintiff's own pleading, so it is not possible that Plaintiff never received it. The docket entry shows that it is a "RESPONSE to 28 MOTION for Summary Judgment *with brief in Support* filed by Darrin Brassell" and entered on February 6, 2026. Judge Stafford cited Plaintiff's own pleading to show that he did not respond to the arguments challenging his Due Process claims under the Fifth and Fourteenth Amendment.

Reviewing both Defendant Holzschu's motion for summary judgment (ECF No. 28) and Plaintiff's response in opposition (ECF No. 29), it is apparent that Plaintiff did not actually respond to the specific

arguments made regarding his claims under the Fourteenth and Fifth Amendment. Neither did he attempt to do so in his Objections.

As to the Fifth Amendment, Defendant Holzschu argued he is a state employee, and thus the Fifth Amendment is not applicable to this case. Plaintiff did not address or oppose this specific argument.

As to the Fourteenth Amendment, Defendant Holzschu argued Plaintiff did not establish Holzschu's involvement beyond speculative and conclusory statements. While Plaintiff responded that Holzschu must have been involved because he wrote on the misconduct ticket that he "[went] through . . . Brasswell's . . . property at 1045 hours" on April 18, 2022, *see* ECF No. 29, PageID.181-82 (citing Misconduct Report, ECF No. 28-3, PageID.172), Plaintiff failed to respond to Defendant's argument that "Brasswell himself admit[ted during his deposition] that he has no actual evidence that Sgt. Holzschu was in possession of his legal property at any point." ECF No. 28, PageID.130. Indeed, during his deposition, Brasswell stated as follows:

> Q. So between April 4, when you got back, and May 4, when some of your legal property was returned to you, do you have any idea where that bag of property was in the facility?
>
> A. Nope, I do not.
>
> Q. You have -- do you have any idea who was in possession of it during that period of time?
>
> A. I don't know, factually, who had possession of it. I only knew that -- that Sergeant Holzschu had it when he wrote the misconduct.

> . . .
>
> Q. What is your other reason – what's your other basis for believing that Sergeant Holzschu ever had your legal property?
>
> A. Because that's his job. That's what he was doing. He was chasing paper in here. That's what he do.
>
> . . .
>
> Q. I know that you're claiming he erased it, but you're acknowledging you don't have any records showing that he had it?
>
> A. No, I don't have no record showing that he had it. He gave a record that he show he had it.
>
> . . .

ECF No. 28-2, PageID.164-66. In his deposition, Brasswell says he surmises that Holzschu had the legal property based on the misconduct ticket, and that "[he] doesn't know, factually, who had possession of" the bag with his legal papers. *Id.* Judge Stafford found that the misconduct ticket written by Holzschu was based on his having found "a small bag with Brasswell's' name written on it under a counter in the property room." ECF No. 34, PageID.248. There is no evidence that Holzschu wrote a misconduct ticket concerning a bag that contained Brasswell's legal materials. The remainder of Plaintiff's Response addressed the elements of his First Amendment claim and qualified immunity.

Therefore, Judge Stafford's conclusion that Brasswell abandoned his claims under the Fifth and Fourteenth Amendment is supported by the record and applicable law. *See Brown v. VHS of Mich., Inc.*, 545 F.

App'x 368, 372 (6th Cir. 2013) (affirming summary judgment on undefended claims because "a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment").

In any event, as Judge Stafford explained, because Plaintiff failed to establish Holzschu's personal involvement, none of the constitutional claims can move forward, including the Fourteenth and First Amendment claims. Brasswell has not specifically objected to Judge Stafford's finding that "Brasswell admitted [during his deposition] that he lacks personal knowledge about the whereabouts of his legal property or who had it." ECF No. 34, PageID.254. In his Objections, he only stated that "the MDOC returned some of Plaintiff's property to [him] which shows a MDOC employee had the legal Property," ECF No. 40, PageID.267, further failing to establish Holzschu's personal involvement beyond speculation.

Therefore, Plaintiff's first objection is **OVERRULED**.

### B. Plaintiff's Objection No. 2

Plaintiff also objects to Judge Stafford's finding that "Brasswell left [his legal Property] in the visitor's waiting room." ECF No. 34, PageID.252. Plaintiff argues that instead, "[he] was ordered to leave his legal property in the visitor's waiting room[.]" ECF No. 40, PageID.267.

There are two issues with this objection. First, Plaintiff had already argued in his Response in Opposition to the Motion for Summary

Judgment that "Plaintiff never left his property except to be reviewed for misconduct and . . . there wasn't anyone else in the waiting room," and that "Counsel's attempt to paint a picture as if Plaintiff left his property intentionally either through mistake or carelessness . . . is unbelievable." ECF No. 29, PageID.182. Absent a specific objection "explaining the source of the error" in Judge Stafford's factual finding, the Court need not review this argument de novo. *See Young*, 2023 WL 8190689, at *1; *see also Howard*, 932 F.2d at 509. Second, as Defendant argues, even if Plaintiff had been ordered to leave the legal property in the visitor's waiting room, Plaintiff does not explain how this would change Judge Stafford's conclusion that Brasswell failed to establish Holzschu's involvement for purposes of his constitutional claims, which is why the claims are dismissed.

Therefore, Plaintiff's second objection is **OVERRULED**.

### C. Plaintiff's Objection No. 3

Plaintiff further objects to Judge Stafford's "analysis that there was or could've been two bags of property." ECF No. 40, PageID.268. Plaintiff simply disagrees with Judge Stafford's finding, which was based on the evidence, that Holzschu wrote a misconduct ticket based on finding a contraband lighter in a smaller bag that he found in the property room with Brasswell's name on it. Brasswell insists that Holzschu's report put him in possession of Brasswell's legal documents, but that is not supported by the record. Brasswell further challenges Holzschu's

credibility, but Judge Stafford's decision was well supported by the evidence and by Braswell's own testimony. Though Brasswell contends that "the grievance response further showed that Plaintiff's legal property was intentionally seized by the MDOC," he fails to specify conduct committed by Holzschu. In the absence of a specific objection, the Court need not review this argument de novo. *See Young*, 2023 WL 8190689, at *1; *Howard*, 932 F.2d at 509. Therefore, Plaintiff's third objection is **OVERRULED**.

**D. Plaintiff's Objection No. 4**

Plaintiff objects to Judge Stafford's factual finding that the grievance response did "not reference how many property searches took place or by whom." ECF No. 40, PageID.268 (citing ECF No. 34, PageID.254). This is a general objection, as Plaintiff does not explain why this finding was erroneous or how the alleged error changes the conclusion that dismissal is appropriate for failure to establish Holzschu's involvement in the alleged constitutional violations. *See Young*, 2023 WL 8190689, at *1; *Howard*, 932 F.2d at 509.

In fact, reviewing the grievance response, this Court agrees with Judge Stafford's observation that it did "not reference how many property searches took place or by whom," as it states that "[d]uring the search of [Brasswell's] property, contraband was located, and misconducts written." *See* ECF No. 34, PageID.253-54. It does not state who conducted the search, nor if anyone searched Brasswell's "allowable property (legal

property).” *See id.* Furthermore, the evidence shows that Holzschu searched a bag containing snacks, paper, and general trash with a lighter in it, and that Officer Tasker later searched a set of Brasswell’s legal property that contained several items that were withheld as unauthorized. As such, Judge Stafford’s factual finding was not clearly erroneous.

To the extent Brasswell argues he was unable to challenge Judge Stafford’s factual finding because she denied him access to MDOC employees he named as potential witnesses, ECF No. 40, PageID.268, if he attempts to challenge a prior discovery ruling, discovery has closed, and his Objections to the Report and Recommendation granting summary judgment in favor of the defense is not the appropriate forum for such an untimely request.

Plaintiff’s fourth and final objection is **OVERRULED**.

The Court has reviewed Judge Stafford’s Report and Recommendation and finds that it is well-reasoned and supported by the applicable law. Accordingly, it is hereby **ORDERED** that Judge Stafford’s Report and Recommendation of June 24, 2026 (ECF No. 34), is **ACCEPTED** and **ADOPTED**. It is **FURTHER ORDERED** that Defendant’s Motion for Summary Judgment (ECF No. 28) is **GRANTED** and the case is **DISMISSED WITH PREJUDICE**.

**E. Motion to Amend**

After receiving the Report and Recommendation, Plaintiff sought to amend his complaint, not to clarify or add allegations regarding his claim of wrongful taking of legal property, but to add "constitutional violations in the form of denial access to the court, retaliation and a retaliatory transfer . . . since the filing of the complaint." ECF No. 39, PageID.265. Brasswell did not attach a copy of the proposed complaint to his motion. Defendant opposed the Motion to Amend as untimely, prejudicial, and futile. ECF No. 43. As currently stated in the Motion to Amend, the proposed amendment would be futile as it would not cure the deficiencies identified by Judge Stafford regarding failure to establish Defendant Holzschu's personal involvement in the constitutional violations. In any event, because this Court hereby accepts and adopts the Report and Recommendation dismissing the case with prejudice, the Motion to Amend is **DENIED** as **MOOT**.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Objections (ECF No. 40) are **OVERRULED**. It is **HEREBY ORDERED** that Judge Stafford's Report and Recommendation of June 24, 2026 (ECF No. 34), is **ACCEPTED** and **ADOPTED**. It is **FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 28) is **GRANTED**. It is **FURTHER ORDERED** that the case is **DISMISSED WITH**

**PREJUDICE**. It is **FURTHER ORDERED** that Plaintiff's Motion to Amend (ECF No. 39) is **DENIED** as **MOOT**.

This Order closes the case.

**SO ORDERED**.

Dated: August 28, 2026

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE